# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DISTRICT

JACQUELINE WILLIAMS　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

V.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 4:07CV53

FREDDIE C. HALL d/b/a BIG H AUTO, UNITED AUTOMOBILE
INSURANCE SERVICES and UNITED AUTOMOBILE
INSURANCE COMPANY　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## ORDER

This cause comes before the court on the motion of plaintiff Jacqueline Williams to remand. The court, having reviewed the briefs and exhibits of the parties, concludes that the motion is not well taken and should be denied.

This is a bad faith insurance action arising out of the denial of plaintiff's claim for automobile insurance benefits. In July, 2005, plaintiff purchased a United Automobile Insurance Company (UAIC) personal automobile policy from Big H Auto in Greenville. Plaintiff alleges in her complaint that "defendants" represented that her insurance would provide coverage in the event of property loss, including by theft or fire. In September, 2005, plaintiff's automobile was stolen and then destroyed by fire, and she made a claim for benefits under her policy. This claim was denied, however, based upon an exclusion in the policy for cases of theft in which there was evidence that forcible entry was not required. Feeling aggrieved, plaintiff filed the instant bad faith action in the Circuit Court of Washington County on March 23, 2007, and defendant removed the case to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332.

In seeking to remand this case, plaintiff initially argues that the removal in this case was defective due to the failure of defendant Freddie H. Hall d/b/a Big H Auto to join in the removal

petition. This argument lacks merit. Hall is alleged (with good reason, as discussed below) to have been fraudulently joined in this action, and Mississippi district courts (and the Fifth Circuit) have recognized that fraudulently joined defendants need not join a removal petition. *See Washington v. Derknoco Auto Sales*, 2006 WL 1892549, *2 n. 5 (S.D. Miss. 2006), *Williams v. Henson*, 42 F. Supp. 2d 628, 632 n. 8 (N.D. Miss. 1999). *See also Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir.1988). It is thus apparent that the validity of the removal in this case depends on whether Hall was, in fact, fraudulently joined.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has also stated that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In arguing that Hall was fraudulently joined in this action, defendants' task is made more difficult by the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004).

2

A majority of the *en banc* Fifth Circuit in *Smallwood* observed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. The Fifth Circuit in *McKee* similarly emphasized that the fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard which had previously been applied by many district judges in this circuit. It is accordingly plain, in light of *McKee* and *Smallwood,* that the improper/fraudulent joinder standard is far more deferential to the allegations of the complaint than had commonly been assumed before these decisions.

Even considered in the context of this deferential standard, however, the court concludes that defendants have demonstrated that no reasonable possibility of recovery exists against Hall in this case. In so concluding, the court would note that plaintiff plainly asserts nothing more than simple negligence against Hall in advising her regarding her insurance coverage, alleging in her rebuttal brief as follows.

> Plaintiff contends that Freddie C. Hall, Big H Auto and/or its agents breached their duty of care when they failed to provide Plaintiff Jacqueline Williams proper advice regarding the coverage of her insurance policy and other possible different coverages under other policies of insurance at the time of application. In addition, Freddie C. Hall and Big H Auto undertook on their own to give advice concerning the coverages (i.e. comprehensive coverage, what it covered, and/or failed to cover, and more compelling, silence as it relates to "forcible entry" which is not defined on policy of insurance) Plaintiff Williams should purchase for her new car where Plaintiff Williams reasonably relied upon this advice resulting in Hall and Big H Auto's failure to exercise reasonable care (i.e negligence, which is an independent tort).[1]

---

[1] This court is assuming for the sake of argument that arguments set forth in plaintiff's rebuttal brief in support of remand might validly be considered in the fraudulent joinder context.

3

Plaintiff argues that these allegations are sufficient to establish a reasonable possibility of recovery against Hall, but the court does not agree.

Plaintiff clearly alleges in her complaint that "defendant Hall acted as an agent for defendant United Auto in the marketing, distribution, sale and servicing of United Auto Insurance products," and it is well established that an agent for a disclosed principal may not be held personally liable for the acts of the principal based solely upon his connection to the corporation. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir.2000), *citing Turner v. Wilson*, 620 So.2d 545, 548 (Miss.1993). Mississippi district courts have held that, to be held personally liable, an agent must have had some direct, personal participation in the tort, such as being the "guiding spirit" behind the wrongful conduct or the "central figure in the challenged corporate activity." *Smith v. Canadian National/Illinois Cent. R.R.*, 2007 WL 922308 (N.D. Miss. 2007); *Wright v. American General Life and Accident Ins. Co.*, 2002 WL 32360635 (S.D. Miss. 2002). It seems clear, within the factual context of this case, that this standard requires that plaintiff allege something more than simple negligence on the part of the agent in advising her regarding coverage.

It is apparent that, for all of plaintiff's efforts to portray Hall as the principal wrongdoer herein, this case actually involves a corporate decision on the part of UAIC to deny plaintiff's claim based upon a policy exclusion. In the court's view, there is no conceivable interpretation of the facts by which Hall could be considered the "guiding spirit" or "central figure" behind the denial of coverage in this case. The court also sees no valid argument that Hall could be held liable even if a simple negligence standard were somehow applicable. Indeed, the notion that Hall reasonably

---

The court would note that the actual complaint in this case is considerably less precise regarding exactly what Hall did wrong in this case.

should have anticipated the fact scenario in this case and warned the plaintiff of alleged deficiencies in the UAIC theft coverage seems unrealistic at best. The Mississippi Supreme Court has emphasized that plaintiffs have a duty to read their policies and may not complain of policy provisions which they did not bother to read. *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.*, 584 So.2d 1254, 1257 (Miss. 1991). It thus seems clear that plaintiff seeks to hold Hall liable for failing to disclose information which she could have gained by simply reading her policy. If courts were to allow claims such as the one against Hall to go forward, then this would seemingly open the door to agent liability in virtually all cases in which an insurer denies a claim based upon a policy exclusion with which the plaintiff takes exception. The court therefore concludes that plaintiff's allegations against Hall are insufficient to establish a reasonable possibility of recovery against that defendant, even under the deferential *Smallwood* standard.

In light of the foregoing, the court concludes that Hall is not a properly joined defendant in this action and is due to be dismissed from it. Following the dismissal of this defendant, complete diversity of citizenship exists among the remaining defendants, and it is undisputed that the amount in controversy requirement is met. Plaintiff's motion to remand is therefore due to be denied.

In light of the foregoing, it is ordered that plaintiff's motion to remand [12-1] is denied, and defendant Freddie H. Hall d/b/a Big H Auto is hereby dismissed from this action with prejudice.

So ordered, this the 30th day of November, 2007.

                                                **/s/ MICHAEL P. MILLS**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**