**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DISTRICT**

| | |
|---|---|
| **JACQUELINE WILLIAMS** | **PLAINTIFF** |
| **V.** | **CASE NO. 4:07CV53** |
| **UNITED AUTOMOBILE INSURANCE COMPANY** | **DEFENDANTS** |

**ORDER**

This cause comes before the court on the motion of defendant United Automobile Insurance Company (UAIC) for summary judgment, pursuant to Fed. R. Civ. P. 56. The court, having reviewed the briefs and exhibits of the parties, concludes that the motion is well taken and should be granted.

This is a bad faith insurance action arising out of the denial of plaintiff's claim for automobile insurance benefits. In July 2005, plaintiff purchased a UAIC personal automobile policy from Big H Auto in Greenville. Plaintiff alleges in her complaint that "defendants" represented that her insurance would provide coverage in the event of property loss, including by theft or fire. In September 2005, plaintiff's automobile was stolen and then destroyed by fire, and she made a claim for benefits under her policy. This claim was denied, however, based upon an exclusion in the policy for cases of theft in which there was evidence that forcible entry was not required. Feeling aggrieved, plaintiff filed the instant action in the Circuit Court of Washington County on March 23, 2007, and defendant removed the case to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. On November 30, 2007, this court entered an order denying plaintiff's motion to remand, finding that defendant Freddie C. Hall had been fraudulently joined in this action. This court accordingly dismissed Hall as a defendant in this case, and UAIC, as the sole remaining

defendant, has presently moved for summary judgment.

In seeking summary judgment, UAIC relies upon the "forcible entry" exclusion which provides as follows:

> EXCLUSIONS
> We will not pay for loss or damage: ...
> 23. Due to theft under this coverage if evidence exists that forcible entry was not required to gain access to the vehicle.

UAIC argues, and this court agrees, that the only competent summary judgment evidence in this case establishes that plaintiff left her vehicle unlocked on the night it was stolen and that UAIC therefore correctly relied upon the forcible entry exclusion in denying her claim for theft insurance benefits. Indeed, plaintiff filled out and signed an Affidavit of Vehicle Theft, attached by defendant as an exhibit to its motion, in which she clearly indicated that her vehicle was unlocked at the time it was stolen. Defendant has also submitted a transcript of a November 28, 2005 interview which it conducted with plaintiff, which provides in pertinent part as follows:

> Q: Okay, how did they gain access to the vehicle?
> A: I don't know- because my doors are unlocked. And I had a key in the house.
> Q: You said it was locked or unlocked?
> A: Unlocked.
> Q: Unlocked?
> A: Yeah.

In her recorded statement, plaintiff denied that there was any "forced entry" used to steal her vehicle:

> Q. Was there any forced entry, anybody try to break the window or anything like that?
> A. [Williams] No.

Plaintiff's sister Tabitha likewise represented to defendant's agents that the vehicle was unlocked at the time it was stolen, and there accordingly exist no genuine fact issues in this regard.

2

The record indicates that plaintiff's vehicle was completely burned following its theft, and the clear statement of plaintiff and her sister that the vehicle was unlocked constitutes the only competent summary judgment in this case regarding whether forcible entry was required to gain entry to her vehicle. Plaintiff has submitted no authority suggesting that forcible entry exclusions in automobile insurance policies are invalid under Mississippi law, and this court will therefore simply apply the exclusion as written. The policy in this case excludes coverage in cases where "evidence exists that forcible entry was not required to gain access to the vehicle," and the statements of plaintiff and her sister that the vehicle was unlocked at the time it was stolen clearly constitute such evidence.

In arguing that forcible entry was required, plaintiff offers affidavits from herself and her sister which attempt to explain the statements which they made to defendant's agent:

> On or about September-November 2005, I lacked the personal knowledge to answer the question "Was there any forced entry, anybody try to break the window or anything like that?" At the time of the alleged theft, I was asleep and assert that if someone took my car, he or she used forcible entry to gain access to my vehicle.

Plaintiff's sister Tabitha has submitted an almost identical affidavit in which she states that:

> I gave a personal statement to the insurance lady where I stated that the doors were unlocked. However, I lacked the personal knowledge to know whether forcible entry was required to gain access to my sister's car. In fact, in my opinion forcible entry had to be used to gain access to my sister's car when the only key we had was inside the house.

Aside from "asserting" that someone used forcible entry to steal her car, plaintiff and her sister offer no actual evidence that such is the case, and they do not actually recant their prior assertions that the car was unlocked at the time it was stolen. While plaintiff and her sister may lack personal knowledge regarding exactly how the theft occurred, the court agrees with

3

defendant that the fact that the car was unlocked clearly indicates that forcible entry was not required to gain access to the vehicle.

Most of plaintiffs' remaining exhibits should very likely be stricken on the basis of lack of personal knowledge and/or because they are hearsay. This evidence consists largely of rank speculation regarding how the theft might have occurred on the part of individuals who have no apparent basis for personal knowledge in this regard. The only competent summary judgment evidence before the court indicates that defendant properly denied plaintiff's claim for insurance benefits based on the forcible entry exclusion, and the motion for summary judgment will therefore be granted.

It is therefore ordered that defendant's motion for summary judgment is granted.

A separate judgment will be issued this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this the 20th day of May, 2009.

/s/ Michael P. Mills
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI